WHITE CROSS CREAM CO v PHILLIPS, d b a, WHITE CROWN CREAM CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10560. Decided June 23, 1930

John A. Elden, Cleveland, for White Cross Co.

Ehrbar, Crist & Heiser, Cleveland, for Phillips.

order when such request for an accounting is made by plaintiff's counsel.

Vickery, PJ, and Sullivan, J, concur.

## FODOR, et v LOEWINGER

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10734.   Decided June 9, 1930

George C. Hafley, Cleveland, for Fodor, et. Hazelton & Rosenblatt, Cleveland, for Loewinger.

LEVINE, J.

We have examined the jars offered in evidence by both the plaintiff and defendant, and we are of the opinion that the label used by the defendant has a tendency to confuse and deceive the public.  Likewise the advertising engaged in by the defendant under the name of "White Crown Cream" has a tendency to mislead and confuse the public.

We hold that these actions of defendant amount to unfair competition under the law.

We do not find such similarity in the jars used by the defendant as would tend to mislead and confuse.  Defendant naturally has a right to sell his product and in order to do so he must employ a container of some sort which he has a right to do.  He has no right, however, to use a name and label so similar to that used by plaintiff as to confuse prospective buyers.

The defendant will therefore be enjoined from using the name and designation of "White Crown Cream" and from using the label attached to the jar with the designation "White Crown Cream" upon it.  He is also enjoined from holding out to the public by advertising or otherwise, his particular product under the name of "White Crown Cream".

As to the prayer for an accounting, there is no showing in the evidence as to the damage done to the plaintiff by the conduct of the defendant.  It seems to us rather difficult of proof.  We shall make no order for the present as to an accounting. If plaintiff's counsel insists upon his technical right we shall make an appropriate